UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

LENG LEE,

    Petitioner,

v.

BEN CURRY,

    Respondent.

NO. CV-06-2910-LRS

**ORDER DENYING
§2254 PETITION**

**BEFORE THE COURT** is the Petitioner's Petition for Habeas Corpus Relief pursuant to 28 U.S.C. Section 2254 (Ct. Rec. 1).

## I. DISCUSSION

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d).

Under Section 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 413

**ORDER DENYING
§2254 PETITION -**     **1**

(2000). The term "unreasonable application" has a meaning independent from that of the term "contrary to." A state court's decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making an "'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. This is a "'highly deferential standard for evaluating state court rulings'" and "'demands that state court decisions be given the benefit of the doubt.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003)(citations omitted).

In determining whether a state court decision is "contrary to" or an "unreasonable application" of federal law under §2254(d)(1), the federal court looks to the last reasoned state court decision as the basis for the state court judgment. *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005); *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). In the captioned matter, the last reasoned state court decision is that rendered by the California Court of Appeal, Third Appellate District, in *People v. Lee*, 2006 WL 1545557 (June 7, 2006). The California Supreme Court subsequently and summarily denied Petitioner's petition for review in a decision filed August 16, 2006. The petition for review was denied without prejudice to any relief to which the petitioner might be entitled following the U.S. Supreme Court's decision in *Cunningham v. California*, cited *infra*.

//
//
//

**ORDER DENYING**
**§2254 PETITION -** 2

## A. Sufficient Evidence To Support Conviction (Ground 1)

Under clearly established Supreme Court case law, due process requires that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof- defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781 (1979). Under 28 U.S.C. §2254(d)(1), the inquiry is whether a state court determination that the evidence was sufficient to support a conviction was an "objectively unreasonable" application of *Jackson*. *Sarausad v. Porter*, 479 F.3d 671, 677 (9th Cir. 2007), *vacated in part and denial of rehearing en banc by* 503 F.3d 822 (9th Cir. 2007), *reversed and remanded on other grounds by Waddington v. Sarausad*,     S.Ct.    , 2009 WL 129033 (Jan. 21, 2009). A state court's resolution of a *Jackson* sufficiency-of-the-evidence claim is evaluated in all cases under § 2254(d)(1). 479 F.3d at 678.[1]

Here, there was sufficient evidence to support the Glenn County Superior Court jury's conviction of Petitioner for two counts of second degree burglary, one count of grand theft auto, and one count of possession of a firearm by a convicted felon. The decision of the California Court of Appeal, Third Appellate District, in affirming the jury determination, *People v. Lee*, 2006 WL 1545557 at *2-4, was not contrary to, and did not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States in

---

[1] §2254(d)(2) does not apply because under *Jackson*, a court makes no "determination of the facts" in the ordinary sense of resolving factual disputes. The court views the evidence in the light most favorable to the prosecution without resolving any disputed factual questions. Under *Jackson*, a federal court does not decide whether the state court unreasonably determined disputed facts, but whether the state court unreasonably applied the *Jackson* test of "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Sarausad*, 479 F.3d at 677-78.

**ORDER DENYING
§2254 PETITION -           3**

*Jackson v. Virginia.*

**B. Constitutionality Of "Upper-Term" Sentence (Ground 2)**

Defendant was sentenced to a total of 10 years in state prison. He was sentenced to six years on count one (second degree burglary), that being twice the upper term of three years. In addition, he was sentenced to three consecutive terms of 16 months (two-thirds the middle term) on count two (second degree burglary), count three (grand theft auto) and count four (felon in possession of a firearm). *Lee*, 2006 WL 1545557 at *1.

At the time that Petitioner was sentenced in March 2005, Cal. Penal Code § 1170(b), part of California's "Determinate Sentencing Law" or "DSL," specified that "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." The California Rules of Court, Cal. R. Ct. 4.420(b), specified that "circumstances in aggravation and mitigation must be established by a preponderance of the evidence," and "[s]election of the upper term is justified only if, after a consideration of all the relevant facts, the circumstances in aggravation outweigh the circumstances in mitigation." In Petitioner's case, the sentencing judge selected the upper term of three years on count one, finding that certain aggravated circumstances had been established by a preponderance of the evidence. He then doubled that upper term as statutorily required pursuant to Cal. Penal Code §667(d)(1) and §1170.12(c)(1)(if a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction). Defendant admitted a March 2001 first degree burglary strike allegation. *Lee*, 2006 WL 1545557 at *1.

A non-exhaustive list of aggravating factors found in Cal. R. Ct. 4.421, and

**ORDER DENYING
§2254 PETITION -** 4

relied upon by a sentencing judge, include: 1) the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness; 2) the defendant has engaged in violent conduct that indicates a serious danger to society; 3) the defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness; 4) the defendant has served a prior prison term; and 5) the defendant was on probation or parole when the crime was committed.

In *People v. Black* ("*Black I*"), 35 Cal. 4th 1238, 29 Cal. Rptr. 3d 740, 113 P.3d 534 (2005), the California Supreme Court held California's DSL and the upper term sentencing procedure was not invalidated by the U.S. Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 304-05, 124 S.Ct. 2531 (2004). In *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856 (2007), however, the U.S. Supreme Court vacated *Black* and held that by placing sentence-elevating factfinding within the judge's province, California's DSL violates a defendant's Sixth and Fourteenth Amendment rights to trial by jury. The Court found that in all material respects, California's DSL resembled the sentencing systems invalidated in *Blakely* and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).

In *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008), the Ninth Circuit Court of Appeals found that *Cunningham* did not announce a new rule of constitutional law within the meaning of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989), and therefore, could be applied retroactively on collateral review. In the case at bar, Petitioner's conviction did not become final until after August 16, 2006, when the California Supreme Court denied his petition for review.[2] At that time, *Blakely*

---

[2] The conviction became final on November 14, 2006, 90 days after expiration of the period for Petitioner to file a petition for writ of certiorari with the

**ORDER DENYING**
**§2254 PETITION -**          5

(2004) and *Booker* (2005), as well as *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), represented clearly established law that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of a defendant. *Butler*, 528 F.3d at 639. Consequently, with regard to Petitioner, *Cunningham* did not announce a new rule of constitutional law and may be applied retroactively to him on collateral review (to-wit, a Section 2254 petition).

Nonetheless, this court concludes that Petitioner's three year upper term sentence on count one does not violate the Sixth Amendment.[3] Prior convictions are excepted from the requirement that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury. *Apprendi*, 530 U.S. at 490. Under California law, only one aggravating factor is necessary to set the upper term as the maximum sentence. *Butler*, 528 F.3d at 641; *People v. Black* ("*Black II*"), 41 Cal. 4th 799, 815, 62 Cal.Rptr. 3d 569, 161 P.3d 1130 (2007). In *Black II*, the California Supreme Court concluded the defendant's sentence was not unconstitutional because reliance on a prior conviction was appropriate per the U.S. Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 244, 118 S.Ct. 1219 (1998), holding that the fact of a prior conviction need not be pleaded in an indictment or proved to a jury beyond a reasonable doubt.

At the time he was sentenced, Petitioner had a prior felony conviction for first degree burglary, *People v. Lee*, 2006 WL 1545557 at *1 ("Defendant

---

United States Supreme Court. *United States v. Garcia*, 210 F.3d 1058, 1059-60 (9th Cir. 2000).

[3] Even if Petitioner has not properly exhausted his constitutional challenge to his sentence, the court chooses to deny the claim on the merits pursuant to 28 U.S.C. §2254(b)(2).

**ORDER DENYING**
**§2254 PETITION -** 6

admitted a March 2001 first degree burglary strike allegation").[4] The fact of Petitioner's prior conviction was sufficient, by itself, to subject Petitioner to the upper term. The trial court was free to exercise discretion in sentencing the Petitioner as it did and therefore, Petitioner's sentence is not unconstitutional and no habeas relief is warranted on ground two of Petitioner's petition. See *Smith v. Harrison*, 2008 WL 4396656 at *15 (C.D. Cal. 2008). The sentence was not contrary to, and did not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States.

## II. CONCLUSION

For the foregoing reasons, Petitioner's §2254 Petition (Ct. Rec. 1) is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and forward a copy to the Petitioner and to counsel for the Respondent. Judgment shall be entered accordingly.

**DATED** this  2nd  day of March, 2009.

*s/Lonny R. Suko*
LONNY R. SUKO
United States District Judge

---

[4] Petitioner does not dispute that he had a prior felony conviction for first degree burglary. That Petitioner was on probation at the time he committed a crime does not, however, come within the *Almendarez-Torres* exception. *Butler*, 528 F.3d at 641.

**ORDER DENYING
§2254 PETITION -          7**